■ MARGARET GALLO et al., Respondents, v. RALPH MONTENIGRO et al., Appellants.

APPEAL from orders of the Supreme Court at Special Term, entered October 5, 1960, in Bronx County which (1) denied a motion by defendants for summary judgment and (2) granted a motion by plaintiffs for an order to reply to defendants' affirmative defense.

MEMORANDUM BY THE COURT. The plaintiffs seek to avoid the effect of the general release given by them to the defendants by a claim that they were fraudulently induced to execute that instrument. The affidavit submitted by the injured plaintiff in opposition to the defendants' summary judgment application avers that prior to the time of execution she had been told by defendants' representative that the signing of the release was "nothing more than a formality * * * and whatever pain [she] might have in her back was something that would be considered later on if the condition became worse." Taking the averments of the plaintiffs at their best they assert a representation by defendants that the execution of the release would not bar the plaintiffs from seeking further damages if the injury became worse. While it could well be argued that the language of the release is such as to constitute a specific disclaimer as to the representation alleged and thus bar the plaintiffs from a recovery under the doctrine enunciated in Cohen v. Cohen (1 A D 2d 586, affd. 3 N Y 2d 813) and Danann Realty Corp. v. Harris (5 N Y 2d 317) we need not now decide that question. This matter is before us by way of a motion for summary judgment rather than a motion addressed to the sufficiency of a pleading. Looking to the papers submitted we conclude that the plaintiffs have failed to sustain the burden imposed upon them by rule 113, to wit, demonstrating the existence of a triable issue with respect to the alleged invalidity of the release. It is averred by the defendants, without contradiction, that the plaintiffs had been given physical possession of the release sometime prior to its execution and that it had been in their sole possession until mailed to the defendants' representatives sometime thereafter. There is no claim by the plaintiffs that they were unable to, or, in fact, did not read the instrument before they signed it. It should be noted that at the time of the execution — some five months after the accident — there was no representative of the defendants present. The release contains a statement on the face thereof — in bold print — to the effect that it contemplated releasing the claim of plaintiffs for all "known and unknown injuries and the consequences thereof which may hereafter develop as well as those which had already developed or are now apparent." In the light of these established facts the affidavits of the plaintiffs are inadequate to raise a triable issue on the question of whether the plaintiffs, in executing the release, did so in reliance upon the representations allegedly made (see Cohen v. Cohen, supra). It is also

urged by the plaintiffs that there is a triable issue presented as to whether the release was invalid by reason of "mutual mistake". It is contended that when the release was executed neither of the parties were aware of the full extent of the injuries sustained. The classification of the injury as a post-release discovery is patently insufficient to create a triable issue on that question. Plaintiff wife now seeks to recover for a back injury which she avers was discovered subsequent to the execution of the release. The papers make it clear that the plaintiffs knew that there was a back injury right from the time of the accident. In effect, what is now claimed is that the consequences of that back injury are more serious than what they anticipated at the time of the execution of the release. " A failure to appreciate the consequences of that injury would amount to a mistake as to the sequellæ of a known injury rather than a mistake of ·fact as to the existence of an injury " and (absent sufficient proof of fraud) the release may not be set aside in such circumstances (*Acevedo* v. *City of New York*, 15 A D 2d 899, 900; see, also, *Mack* v. *Albee Press*, 263 App. Div. 275). Having, upon the motion for summary judgment, determined there is no triable issue as to the validity of the release, pleading the invalidity of such release by way of reply will be of no avail to the plaintiffs and, therefore, the motion seeking leave to do so should be denied.

BERGAN, J. (dissenting). If, as the opposing affidavit of the plaintiff Margaret Gallo states in plain words, she signed a release presented by an insurance company representative because she was told by him that the release " was nothing more than a formality " and that if her " condition became worse " it " would be " considered later, it might well be found that she was induced by fraud to sign the release.

The release itself does not say it is a formality; and it expressly states it covers unknown injuries " which may hereafter develop ". But there may be kinds of fraud in the inducement to sign an instrument which the literal avowals of the instrument itself may not entirely avoid when the circumstances of execution are in issue.

Nor is there need to tender the return of the consideration received on execution of the release. Relief shall not be denied in an action in which a transaction is alleged to be void for fraud or misrepresentation for failure to tender return of consideration before judgment (Civ. Prac. Act, § 112-g).

This is not a case where we consider whether a finding leading to recision is deemed against the weight of evidence as in *Acevedo* v. *City of New York* (15 A D 2d 899). Our problem here is quite different and its decision depends on whether there is a triable issue. There is a triable issue and it ought not be resolved summarily.

Rabin, J. P., Valente and Steuer, JJ., concur in the memorandum; Bergan, J., dissents in opinion in which Eager, J., concurs.

Orders, entered on October 5, 1960, denying defendants' motion for summary judgment and granting plaintiffs' motion for leave to reply to defendants' affirmative defense, are reversed on the law and in the exercise of discretion, with costs, and the motion for summary judgment granted and the motion for leave to reply is denied.